UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| LA TISHA BOWIE | CIVIL ACTION NO. 23-cv-1750 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| HERITAGE MANOR WEST, LLC, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

La Tisha Bowie ("Plaintiff"), as the survivor of her late mother, filed this putative class action against Heritage Manor West and Pathway Management. Defendants have filed a motion to dismiss to challenge subject matter jurisdiction, and they asked in a separate motion that discovery be stayed until the jurisdictional challenge is resolved. For the reasons that follow, the motion to stay discovery will be denied.

Plaintiff asserts claims based on Louisiana law related to alleged understaffing and other shortcomings in the operation of a skilled nursing facility. Defendants report that this is one of 13 related class cases filed by the same counsel who represents Plaintiff. Also pending in this division is Butts v. Heritage Manor Stratmore, 23-cv-1747. Pending in the Alexandria Division is Cooper v. Alexandria Healthcare, 23-cv-1813. The other cases are pending in various Louisiana state courts. See list at Doc. 16, p.7 n.1.

Defendants in this case responded to the complaint with a motion to dismiss for lack of subject matter jurisdiction and a motion to dismiss for failure to state a claim on which relief may be granted. The jurisdictional challenge relates to the application of provisions of the Class Action Fairness Act and the determination of the citizenship of a party when

a trust is a member. The Rule 12(b)(6) motion asserts multiple arguments as to why various aspects of Plaintiff's case should fail on the merits. Those motions are fully briefed.

Before the undersigned is Defendants' Motion to Stay Discovery (Doc. 26) that asks for a stay pending resolution of their challenge to subject matter jurisdiction. Plaintiff responds that the discovery currently requested is limited to "documents and information narrowly tailored to class certification issues."

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." Petrus v. Bowen, 833 F.2d 581, 583 (5th Cir. 1987). Defendants urge that they have called into doubt whether diversity jurisdiction exists under two CAFA exceptions, and Plaintiff has not filed a request for jurisdictional discovery. They accordingly ask that discovery be stayed until jurisdiction is resolved. If Defendants prevail on the jurisdictional challenge, the case will be dismissed and there will be no need for discovery.

Plaintiff asserts that she is entitled to prosecute her case promptly and that there are not exceptional circumstances present that would warrant a stay. She notes that no federal rule or binding case law automatically stays discovery pending a ruling on a motion to dismiss. Plaintiff asserts that any delay in discovery will prejudice her, but she does not articulate the basis for the claim of prejudice. Plaintiff offers that if Defendants are concerned about the breadth of discovery rather than the existence of it, their concerns may be properly addressed with meet-and-confer discovery negotiations and, if necessary, a motion for protective order concerning the scope of discovery when the parties are unable to agree.

The motion that challenges jurisdiction is set before Judge Hicks.  He will issue a final decision, but a quick review of the briefs does not suggest that the outcome is easily predictable.  Given the number of motions pending in other civil cases, considering that some of those case have trial dates that give their motions priority, and the requirements of criminal and other cases, it is possible that it will be several months before a ruling is issued on the jurisdictional challenge. Plaintiff has not articulated any particular prejudice stemming from a delay in discovery, but delay always gives rise to the risk of fading memories, lost or misplaced documents, changes in relevant personnel, new computer systems, and similar concerns about access to relevant evidence.  On the other hand, Defendants are not unreasonable in requesting a stay to avoid the expense of discovery until their jurisdictional challenge is resolved.

There are sound arguments on both side of the issue, and reasonable minds could disagree, but after assessing the particular facts of this case the undersigned finds that the best exercise of the court's discretion is to deny the motion to stay discovery.  Accordingly, Defendants' **Motion to Stay Discovery (Doc. 26)** is **denied**.

Plaintiff is held to her representation that discovery at this stage will be limited to "documents and information narrowly tailored to class certification issues."  Experience has shown that some plaintiffs are unable to adhere to such limits and that some defendants find every excuse to argue that a discovery request is beyond the permitted scope.  The parties are directed to proceed in good faith and make reasonable efforts to avoid wasteful litigation about discovery scope issues.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 30th day of April, 2024.

Mark L. Hornsby
U.S. Magistrate Judge