UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LA TISHA BOWIE                              CIVIL ACTION NO. 23-cv-1750

VERSUS                                      JUDGE S. MAURICE HICKS, JR.

HERITAGE MANOR WEST, LLC, ET AL             MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Introduction**

La Tisha Bowie ("Plaintiff"), as the survivor of her late mother, filed this putative class action against Heritage Manor West and Pathway Management. Plaintiff asserts claims based on Louisiana law related to alleged understaffing and other shortcomings in the operation of a skilled nursing facility. Defendants report that this is one of at least 13 related class cases filed by the same counsel who represents Plaintiff. Also pending in this division are Butts v. Heritage Manor Stratmore, 23-cv-1747 and Bowie v. Commcare, 24-cv-77. Pending in the Alexandria Division is Cooper v. Alexandria Healthcare, 23-cv-1813. The other cases are pending in various Louisiana state courts.

Defendants in this case responded to the complaint with a motion to dismiss for lack of subject matter jurisdiction and a motion to dismiss for failure to state a claim on which relief may be granted. The jurisdictional challenge relates to the application of provisions of the Class Action Fairness Act and the determination of the citizenship of a party when a trust is a member. The Rule 12(b)(6) motion asserts multiple arguments as to why various aspects of Plaintiff's case should fail on the merits. Those motions are fully briefed.

Defendants moved to stay discovery pending resolution of their challenge to subject matter jurisdiction. Plaintiff argued that the discovery requested would be limited to documents and information narrowly tailored to class action issues. After weighing the arguments of the parties, the undersigned denied the motion for a stay, but stated that Plaintiff will be held to her representation that the discovery would be narrowly tailored to class certification issues as she stated in her brief. The order denying the stay explained:

> Experience has shown that some plaintiffs are unable to adhere to such limits and that some defendants find every excuse to argue that a discovery request is beyond the permitted scope. The parties are directed to proceed in good faith and make reasonable efforts to avoid wasteful litigation about discovery scope issues.

Doc. 31, p. 3. Just as the undersigned predicted, the parties have been unable to agree on the scope of discovery and the result is two motions to compel: Plaintiff's **Motion to Compel Discovery (Doc. 43)** and Plaintiff's **Motion to Compel Rule 30(b)(6) Deposition (Doc. 54)**. The motions are **granted in part and denied in part** as follows.

**Motion to Compel Discovery (Doc. 43)**

**Interrogatory No. 1:** Denied as beyond the scope of the permitted discovery. Furthermore, Defendant sufficiently answered the interrogatory for certification purposes.

**Interrogatory Nos. 2 & 3:** Plaintiff has not persuaded the court that specific names, addresses, and account information are relevant at the precertification stage of this case. Defendant has satisfied its obligations under these interrogatories by producing its Daily Census reports, which reflect the total number of residents present at the facility. Accordingly, this aspect of the motion to compel is denied. Furthermore, the court is concerned that Defendant providing the names, addresses, and other information sought in

these interrogatories to Plaintiff or a third-party vendor at this early juncture might violate HIPAA.

**Interrogatory No. 5:** Denied. This is merits discovery, not precertification issues.

**Interrogatory Nos. 6 & 7:** Denied. This is merits discovery, not precertification issues.

**Request for Production No. 1:** Denied. This is merits discovery, not pre-certification issues.

**Request for Production No. 2:** Denied. This is merits discovery, not pre-certification issues.

**Request for Production Nos. 3, 4, & 5:** Denied. These requests deal with the underlying merit of Plaintiff's claim of understaffing and do not bear on the issue of certification.

**Request for Production No. 8:** Granted. Defendant is ordered to produce documents provided to facility staff advising staff as to the admission process for facility residents.

**Motion to Compel Rule 30(b)(6) Deposition (Doc. 54)**

Defendant initially agreed to have a representative sit for the Rule 30(b)(6) deposition, but Defendant changed its mind after receiving the Rule 30(b)(6) topics. After reviewing the arguments of the parties, the court finds that topics 3 and 6 are sufficiently related to class certification issues to allow Rule 30(b)(6) testimony on them. While Defendant objected to topics 4 and 5, Defendant's objections did note that they will

produce a witness to testify to the extent those topics are relevant to certification issues. Defendant is ordered to do so.

**Motions for Attorney's Fees**

The requests for attorney's fees in connection with both motions are denied.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 23rd day of August, 2024.

Mark L. Hornsby
U.S. Magistrate Judge